# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLAVANIA

ARI SESU MERRETAZON
   Plaintiff        :   CIVIL ACTION

v.

DARRELL CLARK, IN HIS OFFICIAL
CAPACITY AS PRESIDENT OF THE
COUNTY OF PHILADELPHIA CITY
COUNCIL AND IN HIS INDIVIDUAL CAPACITY :

DAVID OH, IN HIS OFFICIAL
CAPACITY ASAN OFFICIAL THE
COUNTY OF PHILADELPHIA CITY        **14  4941**
COUNCIL AND IN HIS INDIVIDUAL CAPACITY :  NO._____

CURTIS JONES, IN HIS OFFICIAL
CAPACITY AS PRESIDENT OF THE
COUNTY OF PHILADELPHIA CITY     :
COUNCIL AND IN HIS INDIVIDUAL
CAPACITY              :

JANNIE BLACKWELL IN HIS OFFICIAL  :
CAPACITY AS PRESIDENT OF THE
COUNTY OF PHILADELPHIA CITY     :
COUNCIL AND IN HER INDIVIDUAL
CAPACITY              :

MICHAEL NUTTER, IN HIS OFFICIAL
CAPACITY AS MAYOR OF THE CITY OF :
PHILADELPHIA AND IN HIS INDIVIDUAL
CAPACITY              :

BRIGADIER GENERAL (Ret) JERRY   :
G. BECK JR, DEPUTY ADJUTANT
GENERAL, INDIVIDUALLY        :

BRIGADIER GENERAL MICHAEL GOULD, :
DEPUTY ADJUTANT IN HIS OFFICIAL
CAPACITY AS DEPUTY ADJUTANT,    :
PENNSYLVANIA DEPARTMENT OF MILITARY
AND VETERANS AFFAIRS AND IN HIS

1

| | |
|---|---|
| INDIVIDUAL CAPACITY | : |
| | |
| BRINDA CARROLL PENYAK, IN HER | : |
| OFFICIAL CAPACITY AS DEPUTY DIRECTOR, | |
| COUNTY COMMISSIONERS ASSOCIATION OF | : |
| PENNSYLVANIA AND IN HER | |
| INDIVIDUAL CAPACITY | : |
| | |
| ED BURRIS, IN HIS OFFICIAL CAPACITY | : |
| AS PRESIDENT OF THE PENNSYLVANIA | |
| STATE ASSOCIATION OF COUNTY DIRECTORS | : |
| OF VETERAN AFFAIRS HIS INDIVIDUAL | |
| CAPACITY | : |

**DEFENDENTS**

## COMPLAINT AND EMERGENCY PETITION TO ENJOIN THE STATE OF PENNSYLVANIA DEPARTMENT OF VETERAN AFFAIRS TO APPOINT A PHILADELPHIA COUNTY DIRECTOR OF VETERANS AFFAIRS

### INTRODUCTION

**Ari Sesu Merretazon is a** decorated honorably discharged Vietnam Veteran of the United States Army as defined by the United States Code Title 38, and the 1st Vice President of Pointman Soldiers Heart Ministry, an independent Veterans Service Organization located in the City and County Of Philadelphia, and State of Pennsylvania.

The Department of Veteran Affairs work in conjunction with veteran service officers from independent service organizations, state and county government to ensures that Pennsylvania veterans access their federal and state veteran benefits.

At the state level, assistance to the veterans and their family members is provided by state veteran services offices located within the Bureau of Veterans Services at the Pennsylvania

Department of Military and Veteran Affairs.

The Bureau of Veteran Services and Affairs is responsible for coordinating for the coordinating of veteran outreach efforts with independent veteran service organizations and the (67) County Veterans Affairs Offices in the state of Pennsylvania.

The Pennsylvania state veteran service officers work with the Veterans Administration regional offices, veteran service organizations, and veteran advocates to ensure that veterans obtain all the county, state, and federal benefits to which they are entitled.

The Pennsylvania State Veterans Commission is comprised of representatives of all major veteran organizations throughout the commonwealth as well as a representative of the Association of County Directors for Veteran Affairs.

## **PARTIES**

1. Plaintiff Ari Sesu Merretazon is a citizen of Philadelphia with his principal residence located at 33 Roumfort Road , Apartment F-2 , Philadelphia, Pennsylvania 19119.

2. Defendant Philadelphia City Council is a municipal governing body with its offices located in the City Hall of Philadelphia.

3. Michael Nutter services in his official capacity as the Mayor of the City of Philadelphia with his office located in the City Hall of Philadelphia , County of Philadelphia and State of Pennsylvania.
:
4. Defendant Darrell Clarke is Council President with an office in City Hall, Room 313☐, Philadelphia, PA 19107-3290.

5. Defendant Curtis Jones, Jr. is Council member for District 4☐ with an office at Philadelphia City, Hall Room 404, Philadelphia, PA 19107-3290.

6. Defendant Jannie Blackwell is Council member for District 3 with an office at City Hall, Room 408, Philadelphia, PA 19107-3290.

7. Defendant David Oh, is Council member At-Large with an office at City Hall, Room 319,

3

Philadelphia, PA 19107-3290.

8.  Defendant Pennsylvania Department Military and Veterans Affairs is located in Bldg. S-0-47, Fort Indian town Gap, Annville, PA 17003.

## JURISDICTION

9.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331, and Section 1361.

## VENUE

10. Venue properly exists in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391(e).

## BACKGROUND

11. On each fourth Saturday of the month since 2010-14 the plaintiff and members of the Pointman Soldiers Heart Ministry met to review the veterans benefits package for service-connected disability compensation and non-service connected disability pension.

12. As an independent veteran organization , the members of the organization reviewed the veterans benefits package as to the available benefits not only for education and rehabilitation programs for myself and members of pointman ministry, but also new members who had returned from war.

13. The veterans were concerned about their benefits and the benefits of their children and other family members.

14. During the month of August 2010, I inquired of my Councilperson Donna Reid Miller and she referred me to Ed Speller, Director of the Philadelphia Veterans Advisory Commission(PVAC) into the burial site of one of my closed friend who served in the war with me and sought to find out information as to his burial site and who was responsible for keeping records of the deceased veterans and the the grave location because the love one was not buried in a national cemetery but a private cemetery in Philadelphia.

15. Not able to find out the information in veterans information distributed by the PVAC or having

4

the correct information to go online to find certain answers, I had to contact the Department of Veterans Affairs in Washington, D.C. who referred me back to the regional office in Pennsylvania.

16. In September of 2010 I contacted the Philadelphia Vet Center to inquire into contact information for Bobby Williams, a resident of Philadelphia, who served with me in Vietnam as member of the Headquarters Recon Platoon for the 1/35th Infantry,3rd Brigade 25th & 4th Divisions, the staff could not locate his whereabouts.

17. Since, I have contacted my new Council Representative in 2012 for help and was referred back to Ed Speller of the PVAC.

18. For approximately 24 months the plaintiff was in contact with City Council and get information on benefits for himself and other veterans.

19. Upon information and belief, on February 2013, the City of Philadelphia opened an office for the Philadelphia Advisory Commission staffed by two individual who had been transferred from City Councilman Daryll Clarke's office.

20. The plaintiff inquired as to the name of the Director of Veterans Affairs so that he could set up an appointment to discuss the his service-connected educational benefits and the grave location of his love one.

21. During the inquiry the plaintiff was informed that there was noone who held the office of director of veteran affairs to address his concerns and those of the Veterans within the pointman ministry, which is an independent veteran advocate group.

22. In an effort to obtain assistance the plaintiff had to contact The Department of Veteran Affairs in an effort to obtain information that should have been afforded him in the City, State and County of Pennsylvania in which he resides.

23. On November 19, 2011, Councilman Curtis Jones, Jr. was contacted by Plaintiff and an appointment was set up to discuss the problems that the plaintiff was attempting to address on his own and the problems that other veterans of the ministry were attempting to get answers to regarding their benefits for education, rehabilitation, jobs, medical for family members, and the location of love ones.

24. The plaintiff and members of the Pointman Soldiers Heart Ministry (PSHM) met with Councilman Curtis Jones, Jr. at the office of Pointman Soldiers Heart Ministry.

25. During the meeting the plaintiff discussed the problems that he was facing and other members discussed the problems that they were facing veterans in the city of Philadelphia that relates to education, housing, benefits as a service-connected and non-service connected injuries.

26. During the meeting the plaintiff asked Councilman Curtis Jones, Jr. to sponsor a hearing regarding the City's preparedness for returning war veterans and to address the benefits of veterans that the veterans were unclear on as to education, pension, insurance, medical assistance, benefits for dependents and graves of love ones.

27. The plaintiff requested that he an other veterans be allowed to participate in the May 2012 Philadelphia Veterans Advisory Commission Veterans Resource Fair, which is the 1st event that was being held after 55 years following the Philadelphia City Council first passed legislation in 1957 which created the Veterans Advisory Commission.

28. The Plaintiff, along with other veterans and the Pointman Ministry, requested that they be allowed to attend the event and place a table at the event so as to collect and distribute information an resource material to their members and all Philadelphia veterans who had contacted their organization seeking information and assistance in applying for benefits.

29. The plaintiff was refused a table for the event and contacted the City Council regarding the unequal treatment to himself and his affiliated organization, when the City Council had assigned tables for the event to other veterans service and support organizations who applied.

30. Plaintiff was forced to verbally protest this action and was assigned a table outside of the outside of the larger resource exhibit area rather than a table in the exhibit area where all other veteran service and support organizations were assigned.

31. Following the exhibit after obtaining information on one of the key issues of employment

and providing housing and other financial support for their family, plaintiff testified on May 2012 in support of Resolution 120096 providing tax credits to employers for the employment of eligible U.S. Armed Forces Veterans, sponsored by Councilman David Oh, emphasizing that the City of Philadelphia should lead the way in promoting veterans preference for veterans applying for jobs within city government.

32. Plaintiff has been unable to obtain information through the City Council regarding the County of Philadelphia Director of Veteran Affairs so as to seek veteran support services for himself and other veterans of the Vietnam area in that the largest percentages of veterans in the state of Pennsylvania served during the Vietnam era.

## FACTS GIVING RISE TO THE THIS ACTION

33. Under the Veterans' Preference Act of 1944 Congress has taken many opportunities to adjust veterans' preferences since 1944, but the basic program remains in place. The Vietnam Era Veterans Readjustment Act requires private employers to take affirmative action to hire disabled veterans and Vietnam era veterans for work on federal contracts.

34. The Uniformed Services Employment and Reemployment Rights Act of 1994 bolstered reemployment rights of veterans and reservists in federal, state, and private employment. Disabled veterans still receive a ten-point preference, war veterans still receive a five-point preference, and veterans' retention preferences still trump non veterans in a reduction-in-force.

35. On August 9, 1955, the Commonwealth of Pennsylvania passed The County Code, Act 9, 1955, P.L. 323, No. 130, Section 1923 was established relating to counties of the first, third, fourth, fifth, sixth, seventh and eighth classes; amending, revising, consolidating and changing the laws .

36. Under Section 1923 (a) and (f):Compilation of War Records; Director of Veterans' Affairs.--(a) The county commissioners of each county are authorized and directed, at the expense of the county, to

7

compile a record of the burial places within such county of deceased service persons. Such record, so far as practicable, shall indicate the name of each such person, the service in which he or she was engaged, the number of the regiment or company or command, the rank and period of service, the name and location of the cemetery or other place in which his or her body is interred, the location of the grave in such cemetery or other place, and the character of headstone or other marker, if any, at such grave. Such record shall be known as the Veterans' Grave Registration Record of the County in which the Veterans resided, and shall be a public record, open to inspection during business hours.

37. Under Section 1923 (f) For the purpose of carrying into effect the provisions of this section, the county commissioners shall appoint a director of veterans affairs, who shall receive such compensation as the salary board may fix.

38. Section 1923 (g) It shall also be the duty of the director of veterans affairs to:(1) Assist the county commissioners in administering the provisions of this subdivision which relate to the burial of deceased service persons and their surviving spouses and to furnishing markers and placing headstones on their graves. (1) amended Oct. 4, 1978, P.L.964, No.190). (2) Assist war veterans and their families in securing their rights as such in matters relating to their person, property and care of family, under any of the laws of this Commonwealth and of the United States, and for such services the director of veterans affairs shall be entitled to his expenses incurred therein and additional compensation. Both expenses and compensation shall be subject to the approval of the salary board.(3) Assist the county commissioners in transmitting records of burial places of deceased service persons to the Department of Military Affairs of the Commonwealth, for the use of the Deputy Adjutant General in charge of Veteran Affairs, and otherwise assist the commissioners in cooperating with the said deputy.

39. On April 10, 2013, the legislature of the General Assembly of the Commonwealth of Pennsylvania amended Title 51 (Military Affairs) of the Pennsylvania Consolidated Statutes, providing for a County Director of Veterans' affairs as follows: Section 1. Chapter 17 of title 51 of the

8

Pennsylvania Consolidated Statutes is amended by adding a sub chapter to read: Sub chapter D County Directors of Veterans' Affairs Sec. 1731. Accreditation. (a) Eligibility.--in order to be eligible for appointment as a director of veterans' affairs in a county of this Commonwealth, a person must maintain a united states department Of veterans' affairs accreditation in accordance with the Provisions of 38 CFR § 14.629 (relating to requirements for Accreditation of service organization representatives; agents; and attorneys) with one of the following: (1) The department. (2) A veterans' organization listed under section 1702(b) (relating to state veterans' commission). (b) Time.-- (1) a person who is appointed as a director of veterans' Affairs in a county of this commonwealth shall have up to one year from the date of appointment to attain the training and certification required under this title. (2) A person who has been appointed as a director of veterans' affairs in a county of this commonwealth prior to the effective date of this section shall have one year from the effective date of this section to attain the training and certification required under this title. (c) Additional duties.--in addition to the duties provided for under a statute other than this title, a director of veterans' affairs shall do all of the following: (1) Serve as a local contact between the united states Department of veterans affairs, the department and an individual in the armed forces of the united states, an individual who was discharged from the service and a dependent of the individual. (2) Advise an individual in the armed forces, a veteran or a dependent of the individual or veteran of available Federal, state and county veterans' benefits. (3) Aid an individual in the armed forces, a veteran or a dependent of the individual or veteran in completing required federal, state and local veterans' affairs forms in compliance with current regulations and policies. (4) Work under the direct supervision of the county commissioners and within the guidelines provided by the department and the united states department of veterans affairs. (5) Participate in programs provided by the department including: (i) annual training and refresher courses provided by the office of the deputy adjutant general for veterans Affairs. (ii) five-year recertification as required by the United States Department of Veterans Affairs for veterans' service officer

accreditation. (d) Office duties.--the office of the deputy adjutant general for veterans affairs shall establish a county director of veterans affairs training program, agreed upon with the state association of county directors of veterans' affairs, which shall include the following: (1) development of program guidelines and procedures as required under this sub-chapter. (2) maintenance of training records. (3) Maintenance of competency scores for purposes of documenting and monitoring accreditation status. (4) Annual recertification and qualification.

40. On February 7, 1957, pursuant to Resolution 123 of the City Council, the Philadelphia Veterans Advisory Commission (PVAC) was created and is composed of seven members appointed jointly by the Mayor and the President of Council. The Commission's first members were appointed in November 1958.

41. On December 13, 2005: Philadelphia's Committee on Law and Government held a public hearing as authorized by Resolution 050869 and heard testimony concerning reestablishing, restructuring, and reviving the Veterans Advisory Commission.

42. In the year of 2007, Senate Bill 915, PN 1436 was signed into law as Act 66. The goals of the (Act 66) legislation are to enhance service delivery to veterans, increase the number of Pennsylvania veteran claims for service-related disability or pensions filed with the VA, develop methods to increase rates of recovery paid by the VA to Pennsylvania veterans, expand training opportunities for designated Veteran Service Officers, and increase either the number or percentage of Pennsylvania veterans enrolled in the VA health care system, improve coordination among the veteran service organizations and with the Pennsylvania DMVA to ensure an integrated approach to claims processing, and improve veteran outreach services.

43. From 2009 to 2012, The Philadelphia Veterans Advisory Commission has not had a regular public meeting, with notice to the general public as required.

44. In July 2012, Penn State, released a report entitled, Examination of Rural County Veterans

Affairs Offices by The Institute of State and Regional Affairs. The report revealed that Philadelphia is one of two counties of the 67 counties in Pennsylvania without a Director of Veteran Affairs.

45. On September 11, 2012, I testified on the behalf of PSHM, pursuant to Resolution 1200042 of 2012, authorizing Council's Committee on Public Safety and Committee on Housing Neighborhood Development and the Homeless to hold joint hearings on the City and State's preparedness for the influx of returning veterans from Iraq and Afghanistan. At this hearing POINTMAN Declared a state of emergency because, amongst other things, a) Philadelphia had no veteran service infrastructure for returning war and non-war veterans, b) the terms of all members of the Philadelphia Veterans Advisory Commission (PVAC) from 2009 to 2012; c) it failed to hold a public meeting this four-year period and to date there is still no notices published or notification to the public about the meetings as required by The Pennsylvania Sunshine Law governing public agencies; d) that Philadelphia had failed in its duty to compile the "Veterans' Grave Registration Record of Philadelphia County as a public record open to inspection during business hours, and e) failed to appoint a director of veterans' affairs for the purpose of carrying into effect the provisions required by this record; and f) failed to appoint a director of veterans affairs, who shall serve as a local contact between the united states department of veterans affairs, the department and an individual in the armed forces of the united states, an individual who was discharged from the service and a dependent of the individual; advise an individual in the armed forces, a veteran or a dependent of the individual or veteran of available federal, state and county veterans' benefits; aid an individual in the armed forces, a veteran or a dependent of the individual or veteran in completing required federal, state and local veterans' affairs forms in compliance with current regulations and policies; work under the direct supervision of the county commissioners and within the guidelines provided by the Pennsylvania Department of Military and Veterans Affairs and the United States Department of Veterans Affairs.

46. The 1951 Home Rule Charter established Council as the legislative arm of Philadelphia municipal government, consisting of seventeen members. Ten Council members are elected by district and seven from the City-at-large. Each is elected for a term of four years with no limitations as to the number of terms that may be served. Under the rules of Council, regular public sessions of Council are held weekly, usually on Thursday morning at 10:00 AM., in Room 400, City Hall. Every proposed ordinance is in the form of a bill introduced by a Council member.

47. Before a bill can be enacted by Council, it must be referred by the President of Council to an appropriate standing committee of Council, considered at a public hearing and public meeting. reported out by the committee, printed as reported by the committee, distributed to the members of Council, and

made available to the public. Passage of a bill requires the favorable vote of a majority of all members of Council. A bill becomes law upon the approval of the Mayor. If the Mayor vetoes a bill, Council may override the veto by a two-thirds vote.

48. The functions of City Council influence a wide range of public affairs in Philadelphia and directly impact the quality of life for its citizenry. Address: City Hall, Room 400 ⊏District Office – City Hall, Room 494 Philadelphia, PA 19107-3290.

49. The Philadelphia City Council has had the authority to establish a Veterans Grave Registration Record of Philadelphia County it has fail to use its authority to do so in over a period of approximately 59 years. Nor has it used its authority to appoint a County Director of Veterans Affairs to carry into effect of the provisions providing for such Veteran Grave Registration Record.

50. Pursuant to Philadelphia City Council Resolution 120042 authorizing Council's Committee on Public Safety and Committee on Housing Neighborhood Development and the Homeless to hold joint hearings on September 11, 2012 on the City and State's preparedness for the influx of returning veterans from Iraq and Afghanistan.

51. The Plaintiff, at the September 11, 2012 hearing, presented testimony and declared a state of emergency showing that The City of Philadelphia is not ready to serve and assist nor advocate or facilitate the process and the consequence of war --- which is taking care of those who protected and defended our country from the World War II to the wars in Iraq and Afghanistan, and pass war veterans and the rights of their families.

52. **T he Philadelphia Veterans Advisory Commission was established in 1957, pursuant to City Council Resolution Number 123. This stated:**

> "Whereas, Many veterans are unaware of the benefits which are distributed through
> 
> various departments and agencies of the City and to which they are legally entitled;
> 
> and; Whereas, The City desires to establish a Veterans Advisory Commission which
> 
> would apprise veterans of the benefits to which they are entitled and consult with and
> 
> advise City departments and agencies engaged in the distribution of such benefits..."

53. The Veterans Advisory Commission was set up as an arm of the Department of Veteran Affairs to proactively serve the veterans of cities and counties by providing veterans with the information they need to ensure that they receive all the benefits they rightfully deserve.

12

54. The Veterans Advisory Commission's duty is to also strive to locate and refer veterans to the appropriate agency of the government, or social service agency, to provide them with the counseling or services they require.

55. As a result of the failure of the County of Philadelphia to appoint a Director of Veteran Affairs, the plaintiff and veterans residing in the County of Philadelphia have had to maintain continuous contacts with veterans' organizations, as well as governmental and other service providers, to assess their needs, and unite with other independent service organization to represent them to serve as vocal advocates to see those needs are met.

56. Pennsylvania's Department of Military and Veterans Affairs (DMVA) has a dual mission: to provide quality service to the Commonwealth's veterans and their families, and to oversee and support the members of the Pennsylvania National Guard (PNG) by: Providing resources and assistance to Pennsylvania's nearly one million veterans and their families, and providing quality care for aging and disabled veterans.

57. The Act of March 21, 1996 changed the name, once again, to what it is known by today – the Department of Military and Veterans Affairs. □□DMVA is one of Pennsylvania's largest employers, with more than 21,000 military and civilian personnel in some 90 communities statewide. It is overseen by the adjutant general, a governor appointed cabinet-level position.

58. On February 24, 2014, I was notified by memorandum from Councilman Clarke informing me, and announcing to others, that "the City Council and the Veteran Advisory Commission are honored to announce the appointment of United States Naval Veteran, Scott Brown as the Director of Philadelphia's Veterans Advisory Commission. As of this complaint, the city of Philadelphia has not appointed a County Director of Veterans Affairs, the appointment I was interviewed.

59. On March 5, 2014, Scott Brown confirmed that he was appointed as the Director of the Philadelphia Veterans Advisory Commission although he his listed on by the Pennsylvania Department

13

of Military and Veterans Affairs.

60. Defendants have failed to appoint a County Director of Veteran Affairs for the County of Philadelphia..

## COUNT I

### Violation of Due Process

61. The Plaintiff hereby incorporates paragraphs 1-60 as though fully set forth at length.

62. Defendants have refused to follow its guidelines and regulations regarding the appointment of Philadelphia County Director of Veteran Affairs..

63. The Defendants have no legal authority to circumvent the Federal Law, Rules, and Statues as these laws pertain to the rights of Veterans.

64. The Defendants have denied the Plaintiff and Veterans residing in the County of Philadelphia due process of law by circumventing its legislative laws and the laws of United States Constitutional Rights of Veterans.

65. The Defendants refusal to follow its own rules , regulations and guidelines are arbitrary, capricious and without legal justification.

66. The Defendants refusal to appoint a County Director of Veteran Affair is arbitrary, capricious, and an abuse of power granted by Congress.

67. If the Defendants donot appoint a County Director of Veteran Affairs, the plaintiff will suffer irreparable harm, which includes but are not limited to

a. Not receiving all of the benefits afforded him as a service related Vietnam Era Veteran.

## COUNT II

## Violation of the 14th Amendment of the U. S. Constitution

68. The Plaintiff hereby incorporates paragraphs 1-67 as though fully set forth at length

69. Under Section 1 of the United States Constitution:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

70. Defendants have refused to follow its guidelines and regulations regarding the appointment of Philadelphia County Director of Veteran Affairs.

71. The Defendants have no legal authority to circumvent the Federal Law, Rules, and Statues as these laws pertain to the rights of Veterans.

72. The Defendants have denied the Plaintiff and Veterans residing in the County of Philadelphia due process of law by circumventing its legislative laws and the laws of United States Constitutional Rights of Veterans.

73. The Defendants refusal to follow its own rules , regulations and guidelines are arbitrary, capricious and without legal justification.

74. The Defendants refusal to appoint a County Director of Veteran Affair is arbitrary, capricious, and an abuse of power granted by Congress.

75. If the Defendants donot appoint a County Director of Veteran Affairs, the plaintiff will suffer irreparable harm, which includes but are not limited to

15

a. Not receiving all of the benefits afforded him as a service related Vietnam Era Veteran.

## COUNT III

## <u>Violation of the Privileges and Immunities Clause of the 14th Amendment</u>

76. The Plaintiff hereby incorporates paragraphs 1-75 as though fully set forth at length.

77. The Privileges and Immunities Clauses are found in Article IV of the U.S.Constitution and the

14th Amendment.

"The **Privileges and Immunities Clause** (U.S. Constitution, Article IV, Section 2, Clause 1, also known as the **Comity Clause**) prevents a state from treating citizens of other states in a discriminatory manner. Additionally, a right of interstate travel may plausibly be inferred from the clause."

Article IV provides that "The Citizens of each State shall be entitled to all Privileges and Immunities in the several states." The purpose of the clause was to facilitate the unification of the independent states into one nation so that citizens traveling throughout the country would receive the same treatment as the citizens of the states through which they passed.

78. This clause forbids state from unjustly depriving citizens from other states of any rights derived from state citizenship solely on the basis of nonresidence. Yet the Supreme Court ha never interpreted it to preclude all deferential treatment of in-state citizens...

79. Defendants have refused to follow its guidelines and regulations regarding the appointment of

Philadelphia County Director of Veteran Affairs.

80. Defendants have violated the Veterans residing in the County of Philadelphia in that other

counties within Pennsylvania have appointed a County Director of Veteran Affairs to serve it's

residents.

81. The Defendants have no legal authority to circumvent the Federal Law, Rules, and Statues as

these laws pertain to the rights of Veterans.

16

82. The Defendants have denied the Plaintiff and Veterans residing in the County of Philadelphia due process of law by circumventing its legislative laws and the laws of United States Constitutional Rights of Veterans.

83. The Defendants refusal to follow its own rules, regulations and guidelines are arbitrary, capricious and without legal justification.

84. The Defendants refusal to appoint a County Director of Veteran Affair is arbitrary, capricious, and an abuse of power granted by Congress.

If the Defendants donot appoint a County Director of Veteran Affairs, the plaintiff will suffer irreparable harm, which includes but are not limited to

a. Not receiving all of the benefits afforded him as a service related Vietnam Era Veteran.

85. There is not adequate remedy at law to cure the harm that has been suffered and will continue to be suffered by the Plaintiff and Veteran residence of the County of Philadelphia as a result of the failure of the defendants to follow the letter of the law in providing services to the veterans who have served this country, laid down their lives for this country and served in the Armed Forces so as to secure this nation from harm.

### RELIEF

Wherefore, **Ari Sesu Merretazon**, Plaintiff request the following:

a. Enter a Judgment and Order finding the defendants in violation of regulations of the Department of Veteran Affairs Congressional Acts, Pennsylvania Constitution, 14th Amendment Equal Protection Clause and the Privileges and Immunities Clause, the Due Process Clause of the United States Constitution.

b. Order the defendants to Appoint a County Director of Veteran Affairs pursuant to the Federal

Regulations, State and County Regulations, Laws, and Statutes.

c. Order the defendants to appoint a County Director of Veteran Affairs pursuant to Federal Regulations, Pennsylvania Title 51 9 Military Affairs of the Pennsylvania Consolidated Statutes; Section 1. Chapter 17 of Title 51 of the Pennsylvania Consolidated statutes, provision of 38 CFR Section 14.629, and Act 66 ( Senate Bill 915, PN 1436)..

d. Directing the defendants to take whatever necessary steps to come into compliance with all Federal Regulation under the Department of Veteran as it relates to gravesite locator and grave registration.

e. All other appropriate relief.

Dated: 8/25/2014

BY: _____

**ARI SESU MERRETAZON, PRO SE**

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2014, a copy of the foregoing Complaint and Emergency Petition to Enjoin the State of Pennsylvania Department of Veteran Affairs to Appoint a Philadelphia County Director of Veteran Affairs was mailed first class postage prepaid to the following:

Michael Nutter, Mayor of the City of Philadelphia
City Hall
Philadelphia, Pennsylvnia

Darrell Clarke, Council President
City Hall, Room 313
Philadelphia, PA 19107-3290.

Curtis Jones, Jr.
Council member -District 4☐
Philadelphia City, Hall Room 404
Philadelphia, PA 19107-3290.

Jannie Blackwell , Council member
District 3
City Hall, Room 408
Philadelphia, PA 19107-3290.

David Oh, Council Member At-Large
City Hall, Room 319,
Philadelphia, PA 19107-3290.

Pennsylvania Department Military and Veterans Affairs
Bldg. S-0-47
Fort Indian town Gap, Annville, PA 17003.

Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

_____
Ari Sesu Merretazon

## DECLARATION

I, Ari Sesu Merretzon, Plaintiff in the foregoing Complaint and Emergency Petition to appoint a Philadelphia County Director of Veteran Affairs, and state that the facts set forth are true and correct, nd that these allegations of fact are made subject to the penalties of perjury, 18 Pa C.S. Section 4904 relating tounsworn falsification to authorities. I have reviewed the facts and allegations and have signed this affidavit.

Dated: 8/25/2014

*[signature]*
Ari Sesu Merretzon