**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARI SESU MERRETAZON** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **No. 14-4941** |
| **DARRELL CLARKE, et al.** | : | |
| | : | |

**MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**
**OF DEFENDANTS DARRELL CLARKE, DAVID OH, CURTIS**
**JONES, JANNIE BLACKWELL, AND MICHAEL NUTTER**

Defendants, Darrell Clarke, David Oh, Curtis Jones, Jannie Blackwell, and Michael

Nutter, by and through their undersigned counsel, hereby file this Motion to Dismiss Plaintiff's

Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to Local Rule 7.1(c), Defendants hereby incorporate by reference the attached

Memorandum of Law as though fully set forth at length.

Respectfully submitted,

Date: September 18, 2014

 /s/ Daniel Auerbach
Daniel Auerbach
Pa. Attorney I.D. No. 316856
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5461
daniel.auerbach@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARI SESU MERRETAZON | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | No. 14-4941 |
| DARRELL CLARKE, et al. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(b)(6) OF DEFENDANTS DARRELL CLARKE,**
**DAVID OH, CURTIS JONES, JANNIE BLACKWELL, AND MICHAEL NUTTER**

Plaintiff, acting *pro se*, seeks the enforcement of certain provisions of Pennsylvania law

which allegedly require, among other things, the appointment of a director of veterans affair in

Philadelphia County. To accomplish that end, he has employed this federal lawsuit against the

City's Mayor and members of the Philadelphia City Council ("Council"). Plaintiff alleges

violations of state law, but he has failed utterly to state any cognizable federal claim. The alleged

violation of Pennsylvania law is a matter for the courts of the Commonwealth of Pennsylvania to

decide.[1]

I.      **Procedural History and Statement of the Facts.**

Plaintiff, a citizen of Philadelphia, alleges that Pennsylvania law requires Philadelphia to

record the "burial places . . . of deceased service persons", and to appoint a "director of veterans

affairs" with certain duties (collectively, the "Veterans Requirements"). Pl. Compl. ¶¶ 36–38.

Plaintiff acknowledges that the City created the Philadelphia Veterans Advisory Commission,

---

[1] In no way do the Defendants submitting this Motion to Dismiss concede that this case could, in
fact, be brought in state court. For instance, Plaintiff may lack standing to sue.

but asserts that the City is not in compliance with the Veterans Requirements. Id. at ¶¶ 40, 49, 53, 60. To that end, Plaintiff has requested action from certain elected City officials he believes to be necessary for the City to comply with the Veterans Requirements, but his requests have been rebuffed. Id. at ¶¶ 51, 58.

Plaintiff now brings this federal action to compel the City to take the action he requested. He sues, among others, Mayor Michael Nutter, Council President Darrell Clarke, Councilman David Oh, Councilman Curtis Jones, and Councilwoman Jannie Blackwell, in both their individual and official capacities (collectively, the "City Defendants").[2] Id. at ¶¶ 3–7. Plaintiff claims that the City Defendants' alleged non-compliance with Pennsylvania's Veterans Requirements violates his federal constitutional rights, including: (1) his rights to due process of the law, equal protection of the law, and the privileges or immunities of citizens of the United States under the 14th Amendment to the United States Constitution; and (2) his right to equal treatment without regard to his state of citizenship under the Privileges and Immunities Clause of Article IV of the United States Constitution. Id. at ¶¶ 64, 69, 72, 77.

Plaintiff also appears to claim that the City Defendants have violated a federal regulation. He alleges that Pennsylvania law requires directors of veterans affairs to meet certain eligibility requirements expressed by federal law. Id. at ¶ 39. Plaintiff asserts that the City's failure to appoint a director of veterans affairs violates the federal regulation outlining those eligibility criteria. Id. at ¶¶ 63, 81.

Plaintiff does not explicitly state the cause of action underlying his request for relief.

---

[2] For the purposes of this Motion to Dismiss, the capacity in which the City Defendants are sued is irrelevant. The City Defendants maintain that the Complaint does not present any legally cognizable claim. If this is correct, all claims, regardless of what capacity they are brought in, must be dismissed.

However, the Complaint can reasonably be understood as purporting to make a claim under 42 U.S.C. § 1983, which provides a federal cause of action for certain violations of federal constitutional or statutory rights. See Robb v. City of Philadelphia., 733 F.2d 286, 290–91 (3d Cir. 1984).

Plaintiff filed suit on August 25, 2014. His Certificate of Service notes that he provided service by mail, although Plaintiff does not specify the date of mailing. Service-by-mail is permitted by Rule 5(b)(2)(C), but, under Rule 6(d), three days are added to the City Defendants' response deadline. Consequently, the City Defendants have until at least September 18, 2014 to file a responsive pleading to the Complaint (which is 24 days after Plaintiff filed suit).

## II.        Standard of Review

A motion to dismiss under Rule 12(b)(6) should be granted where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim must be more than "speculative" or "conceivable". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In reviewing a motion to dismiss under Rule 12(b)(6), all "legal conclusions" and "conclusory statements" should be disregarded. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of a cause of action" is not enough. Twombly, 550 U.S. at 555.

While *pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers", Erickson v. Pardus, 551 U.S. 89, 94 (2007), and are to be given a "liberal construction", Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 165 (1984), the normal Iqbal and Twombly rules still apply to them. See Iqbal, 556 U.S. at 679–81 (applying the Iqbal and Twombly standard to a suit brought by a *pro se* plaintiff).

### III.     Argument

Plaintiff has not alleged a federal cause of action. To prevail on a § 1983 claim, Plaintiff must show that he has been deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States". See Robb v. City of Philadelphia., 733 F.2d 286, 290–91 (3d Cir.1984) (setting forth elements of § 1983 claim). Plaintiff fails to state a claim for any such deprivation, whether under the constitution or under federal law.

### A.     Plaintiff Has Not Alleged Circumstances Constituting a Violation of His Constitutional Rights.

This case involves the interpretation of a duty allegedly arising under state law, not the federal constitution. Even so, Plaintiff alleges that the City Defendants' failure to follow the alleged state-law obligation violates his rights under: (1) the Due Process, Equal Protection, and Privileges or Immunities Clauses of the 14th Amendment of the United States Constitution; and (2) the Privileges and Immunities Clause of Article IV of the United States Constitution. Pl. Compl. ¶¶ 64, 69, 72, 77. Plaintiff's claims are not cognizable under any of these constitutional provisions.

#### 1.     Plaintiff Has Not Been Denied Due Process of Law, Whether Procedural or Substantive.

The Due Process Clause provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. A due process claim, whether it alleges procedural or substantive violations, must involve the deprivation of a life, liberty, or property interest. Id.; see DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 600 (3d Cir. 1995) (requiring deprivation of property interest to state substantive due process claim); Mathews v. Eldridge, 424 U.S. 319, 332 (1976) (requiring deprivation of property or liberty interest to state procedural due process claim).

Plaintiff's claim is, in essence, that the City Defendants deprived him of a protected property interest because they did not do enough to help Plaintiff get veterans benefits.[3] While it is conceivable that the appointment of a county director of veterans affairs could help Plaintiff to receive veterans benefits, Plaintiff makes no suggestion that the City Defendants have made any decision which prevents Plaintiff from securing veterans benefits.

This is not a claim cognizable under the Due Process Clause. The Supreme Court has "recognized that the Due Process Clause[] generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Deshaney v. Winnebago Cnty. Dep't of Social Servs., 489 U.S. 189, 196 (1989) (citing Harris v. McRae, 448 U.S. 297, 317–18 (1980)). For instance, in Anspach ex rel. Anspach v. City of Philadelphia, City employees allegedly provided a minor with emergency contraception without telling her parents. 503 F.3d 256, 258 (3d Cir. 2007). The parents and their minor child brought a variety of claims, including that the City had interfered with family relations in violation of the Due Process Clause. Id. at 261–62. The parents asserted that the City had a duty to "assist [them] as parents" and to "affirmatively foster the parent/child relationship." Id. at 266. The Third Circuit rejected the claim. Governments have no duty under the Due Process Clause to affirmatively assist someone in the exercise of a right. Id. at 266–67.

Likewise, Plaintiff cannot state a claim for any deprivation of his due process rights.

---

[3] Plaintiff's claim is not that he was deprived of liberty or life. Rather, he alleges that he will suffer irreparable harm if the City Defendants do not comply with the Veterans Requirements on the sole basis that he will not "receiv[e] all of the benefits afforded him as a service related Vietnam Era Veteran". E.g. Pl. Compl. ¶ 84(a). Federal courts have interpreted a right in veterans benefits as a property interest under certain circumstances. E.g. Cushman v. Shinseki, 576 F.3d 1290, 1298 (D.C. Cir. 2009) (stating that veterans have a property interest in veterans' disability benefits).

Plaintiff's claim is that the City should do more to help him secure veterans benefits. [4] Even if

Plaintiff is entitled to veterans benefits, the Due Process Clauses does not require the City to

affirmatively assist Plaintiff get them, let alone through the means Plaintiff prefers.

2.          *Plaintiff Has Not Been Denied the Privileges or*
*Immunities of Citizens of the United States.*

The Privileges or Immunities Clause of the 14th Amendment provides that "[n]o State

shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

United States." U.S. CONST. amend. XIV, § 1, cl. 2. This provision "forbids states from

abridging the privileges and immunities that flow from national citizenship." In re Sacred Heart

Hosp., 133 F.3d 237, 244 n.11 (3d Cir. 1998) (quoting In re Storer, 58 F.3d 1125, 1128 (6th

Cir.1995)).  The privilege or immunity must be one "which owes [its] existence to the Federal

government, its National character, its Constitution, or its laws", Slaughter-House Cases, 83 U.S.

36, 79 (1872), such as the "right to inform federal officials of violations of federal law", the

"right to be free from violence while in custody of [a] federal marshal" the "right to homestead",

the "right to vote in national elections", the "right to petition Congress" and the "right to travel".

Lutz v. City of York, 899 F.2d 255, 263 n.20 (3d Cir. 1990).

The Privileges or Immunities Clause has no relevance to Plaintiff's allegations. The

City's alleged non-compliance with state-law requirements does not relate to "the privileges and

immunities that flow from national citizenship". Rather, it is a matter of local concern.

---

[4] To the extent that Plaintiff also claims that the alleged non-compliance with a requirement to track the burial sites of veterans is a violation of his due process rights, the same arguments apply. Such a claim asserts that there is an affirmative duty to provide government benefits under the Due Process Clause. The Supreme Court of the United States has squarely rejected this notion. E.g. Youngberg v. Romeo, 457 U.S. 307, 317 (1982) ("As a general matter, a State is under no constitutional duty to provide substantive services for those within its border.").

      3.           *Plaintiff Has Not Suffered Discrimination on the Basis of his State of Citizenship in Violation of the Privileges and Immunities Clause of Article IV.*

The Privileges and Immunities Clause of Article IV protects people from being discriminated against by a state because they do not reside in that state. It provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." U.S. CONST. art. IV, § 2. The purpose of the Privileges and Immunities Clause is "to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned." Hicklin v. Orbeck, 437 U.S. 518, 524 (1978) (quoting Paul v. Virginia, 8 Wall. 168, 180 (1869)). Its only effect is to bar certain "discrimination against nonresidents". See A.L. Blades & Sons, Inc. v. Yerusalim, 121 F.3d 865, 870 (3d Cir. 1997) (citing Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 284 (1985)) (stating elements of cause of action).

The Privileges and Immunities Clause of Article IV has no application to this dispute. Plaintiff does not allege that the City has treated non-residents differently than residents. Rather, Plaintiff alleges that the City has failed to follow a duty imposed on it by state law. The Privileges or Immunities Clause simply has nothing to do with such a dispute. See A.L. Blades, 121 F.3d at 868 (stating that one element of a Privileges and Immunities Clause is that the government must "deprive[] nonresidents of a privilege or immunity protected by the Clause").

      4.           *Plaintiff Has Not Been Denied Equal Protection of the Laws.*

Plaintiff's Complaint does not allege the existence of any disparate treatment or disparate impact. Plaintiff does not claim to have suffered discrimination on the basis of a protected classification, such as race, sex, or national origin, or that he suffered discrimination in performing a fundamental right, such as voting. Rather, Plaintiff claims that the City Defendants

have not abided by a state-law duty. This is not a matter to which the Equal Protection Clause is applicable—there is no classification which must be justified.

Plaintiff's equal protection claim is also not cognizable under the generous "class-of-one" standard. In Renchiski v. Williams, a *pro se* plaintiff made a generic claim that he was denied equal protection of the laws. 622 F.3d 315, 337 (3d Cir. 2010). As here, the plaintiff did not claim that he was "a member of a suspect class or [that] he exercised a fundamental right." Id. The Third Circuit analyzed Plaintiff's claim under the "class-of-one" standard, which bars the government from "intentionally treat[ing someone] differently from others similarly situated [where] there [is] no rational basis for the difference in treatment." Renchiski, 622 F.3d at 337–38 (citing Village of Willowbrook v. Olech, 528 U.S. 562 (2000)). Plaintiff does not claim that others have been treated differently than he was treated. Rather, Plaintiff claims that the City Defendants have not complied with generally applicable requirements with respect to all potential beneficiaries. This is not a "class-of-one" claim.

### B.       The City Has Not Violated Any Federal Statutory Right.

Plaintiff's claim that the City violated a federal regulation is somewhat difficult to understand. Plaintiff notes that Pennsylvania law requires county directors of veterans affairs to meet certain eligibility criteria outlined in 38 CFR § 14.629. Pl. Compl. at ¶ 18. Plaintiff seems to claim that the City Defendants violated this federal regulation by not appointing a county director of veterans affairs.

This claim is meritless. The only function of the federal regulation is to determine eligibility criteria for those who will represent benefits claimants before the Department of Veterans Affairs. See 38 U.S.C. § 5904 (enabling the creation of 38 CFR § 14.629, empowering the Secretary of Veterans Affairs to "recognize any individual as an agent or attorney for the

preparation, presentation, and prosecution of claims [presented to the Department of Veterans Affairs] under laws administered by the Secretary" and directing the Secretary to "prescribe in regulations . . . qualifications and standards of conduct for individuals recognized under this section . . . ."). Neither this regulation nor its enabling authority impose any duty on local governments. This regulation is not relevant to the City Defendants' alleged non-compliance with the Veterans Requirements.

### III.     Conclusion.

For the foregoing reasons, the City Defendants respectfully request that this action be dismissed with prejudice as against the City Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

                                        Respectfully submitted,


Date: September 18, 2014                 /s/ Daniel Auerbach
                                        Daniel Auerbach
                                        Pa. Attorney ID No. 316856
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 17th Floor
                                        Philadelphia, PA 19102
                                        (215) 683-5461
                                        daniel.auerbach@phila.gov